UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AARON L. JONES, SR., | ) | CASE NO. 1:17 CV 21 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TODD ISHEE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 4, 2017, plaintiff *pro se* Aaron L. Jones, Sr., an inmate at the Grafton Correctional Institution, filed the above captioned action under 42 U.S.C. § 1983 against Todd Ishee, identified as the Ohio Department of Rehabilitation and Corrections Regional Director of Medical Services, and the Trumbull, Marion and Grafton Correctional Institution Medical Departments. Plaintiff alleges in the Complaint that he has numerous medical ailments, including sleep apnea, diabetes, and an irregular heartbeat. He further alleges he has received various medical treatments for these problems, but believes the treatments have been inadequate and even harmful.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Even construing the Complaint liberally, plaintiff fails to state a valid claim for relief. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825. 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's allegations simply do not describe conduct indicating a degree of culpability greater than negligence.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

3/17/2017

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE